UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
Plaintiff,
v.
EID DAGHLAWI,
Defendant.

CASE Nos.: 02-cr-50-WQH-1
18-cr-2144-WQH

**ORDER**

HAYES, Judge:

The matter before the Court is the Motion to Terminate Supervised Release filed by Defendant Eid Daghlawi in each of the above-captioned cases. (Case No. 02-cr-50, ECF No. 835; Case No. 18-cr-2144, ECF No. 32.)

**I. Background**

On October 6, 2005, Judgment was entered in Case No. 02-cr-50, committing Defendant to the custody of the Bureau of Prisons ("BOP") for 188 months of imprisonment followed by three years of supervised release for Conspiracy to Distribute Listed Chemicals in violation of 21 U.S.C. §§ 846 and 841(c)(2). (Case No. 02-cr-50, ECF No. 713.)

On January 15, 2009, while serving the sentence in Case No. 02-cr-50, Defendant escaped during a furlough transfer and remained a fugitive for several years. In April 2018, Defendant was arrested. On October 3, 2018, Judgment was entered in Case No. 18-cr-2144, committing Defendant to the custody of the BOP for 8 months of imprisonment to run consecutive to the custodial sentence in Case

No. 02-cr-50[1] followed by three years of supervised release for Escape of a Federal Prisoner in violation of 18 U.S.C. § 751(a). (Case No. 18-cr-2144, ECF No. 23.)

On March 19, 2019, this Court amended the judgment in Case No. 02-cr-50 and reduced his custodial sentence to 148 months in custody. (Case No. 02-cr-50, ECF No. 774.) On February 22, 2024, the Court amended the judgments in Case Nos. 02-cr-50 and 18-cr-2144 to further reduce Defendant's custodial sentence due to recalculation of his Guideline range pursuant to Amendment 821. (Case No. 02-cr-50, ECF No. 819; Case No. 18-cr-2144, ECF No. 31.)

On February 26, 2024, Defendant was released from custody and began his three-year term of supervised release in Case Nos. 02-cr-50 and 18-cr-2144. Defendant is presently under courtesy supervision by Federal Probation in the Central District of California.

On March 25, 2026, Defendant filed the pending Motion to Terminate Supervised Release. (Case No. 02-cr-50, ECF No. 835; Case No. 18-cr-2144, ECF No. 32.) Defendant contends that early termination of his supervised release pursuant to 18 U.S.C. § 3583(e) is appropriate for the following reasons:

> Because of subsequent sentence reduction of 40 months late in his custodial term, Mr. Daghlawi spent about two extra years in custody because he could not get a sentence reduction for his RDAP participation.
>
> He has been found to be disabled due to his health issues and now receives disability support.
>
> As a Muslim, he is supposed to go to Mecca at least one time in his lifetime but has not been able to go. He is now 63 years old and because of his significant health challenges he worries that his health will soon prevent him from going to Mecca. So he will go as soon as

[1] The custodial sentence in Case No. 18-cr-2144 was also consecutive to the sentence in Case No. 98-cr-1489-H. Case No. 98-cr-1489-H is not relevant to the pending motion because Defendant's term of supervised release has been completed in that case.

> he is no longer on supervised release.
>
> He also needs to return to the Middle East to sell land and a house he owns there and he cannot do so until he is no longer on Supervised Release.
>
> While on supervision, he cannot go outside of his district, without permission. And two of his children are now married and live in different states and he would like to visit them more often.

(Case No. 02-cr-50, ECF No. 835 at 4–5; Case No. 18-cr-2144, ECF No. 32 at 4–5.)

On April 20, 2026, Plaintiff filed a response in opposition to the pending Motion to Terminate Supervised Release. (Case No. 02-cr-50, ECF No. 841; Case No. 18-cr-2144, ECF No. 35.) Plaintiff asserts that the both United States and Probation oppose early termination of Defendant's supervised release. Plaintiff contends:

> The Defendant argues in his motion that he did not benefit from a sentencing reduction for his participation in the RDAP Program, yet he fails to acknowledge in his motion that the primary purpose of RDAP is not to provide sentencing reductions but instead is to provide rigorous substance abuse treatment opportunities for inmates. He received that benefit. Further, he fails to show that he is differently situated than any other inmate who elects to participate in RDAP yet fails to qualify for an ancillary reduction in their custody time due to the length of their sentence and the time needed to complete the program.
>
> Regarding the Defendant's claimed disability, while this may be an unfortunate circumstance he must face, there is no explanation in the motion as to how his disability makes his continued supervision unreasonably burdensome on him. Further, if the Defendant can articulate some significant burden imposed from the nature of his present supervision, there are likely many less burdensome alternatives to consider in how supervision is administered short of early termination.
>
> While the Government is also sensitive to the Defendant's religious

> duty to participate in the Hajj during his lifetime, there is no indication in his motion as to whether or not he could even make plans to attend in 2026, especially in light of the short notice and the escalated tension in the region due to ongoing hostilities between the United States and Iran. … [E]ven if he were to be able to make plans, he could request advance permission of the Court to travel. Of note, in 2027 the Hajj will extend from May 8th to June 5th, which will be well after the expiration of the Defendant's full term of supervision. Similarly, the Defendant could also request permission from the Court to travel to the Middle East to sell his property, should he establish a legitimate need and ability to do so while he is still on supervision.
>
> Lastly, regarding the Defendant's desire to visit his out-of-state children and their families more often, there is no indication in his motion that the Defendant has been unreasonably restricted in his requested visits. If the Defendant presents a compelling argument that this is the case, the Court could simply modify his conditions of release to allow more frequent out-of-state visits.

(Case No. 02-cr-50, ECF No. 841 at 3–4; Case No. 18-cr-2144, ECF No. 35 at 3–4.)

On May 5, 2026, Defendant filed a reply in support of the pending Motion to Terminate Supervised Release. (Case No. 02-cr-50, ECF No. 842; Case No. 18-cr-2144, ECF No. 36.) Defendant contends that "the core objectives of supervised release have been achieved," he "presents no credible risk of recidivism," and his "conduct on supervision has been uniformly positive." (Case No. 02-cr-50, ECF No. 842 at 2; Case No. 18-cr-2144, ECF No. 36 at 2.) Defendant contends that "supervision resources are finite and direct ongoing attention toward low-risk, compliant individuals like Mr. Daghlawi necessarily diverts resources from higher-risk cases where supervision makes a genuine difference, even where supervision is at the lowest level." (Case No. 02-cr-50, ECF No. 842 at 3; Case No. 18-cr-2144, ECF No. 36 at 3.) Defendant also contends that "[t]he Guide to the Judiciary provides a presumption of early termination for Mr. Daghlawi that the government does not rebut." (Case No. 02-cr-50, ECF No. 842 at 3; Case No. 18-cr-2144, ECF No. 36 at 3.)

## II. Discussion

The legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e). *See United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022). Section 3583(e) states: "The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)— … terminate a term of supervised release …, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice…." 18 U.S.C. § 3583(e)(1). The listed § 3553(a) factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) deterrence;
>
> (3) protection of the public;
>
> (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation;
>
> (5) the sentence and sentencing range established for the category of defendant;
>
> (6) any pertinent policy statement by the Sentencing Commission;
>
> (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (8) the need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e)(1) & 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).[2]

---

[2] In considering motions for early termination of supervised release under § 3583, Congress specifically left out from consideration the need "to reflect the seriousness of the offense, to promote respect for the law, [or] to provide just punishment for the offense." 18 U.S.C. §§ 3553(a)(2)(A).

"The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Ponce*, 22 F.4th at 1047 (quoting 18 U.S.C. § 3583(e)(1)). While "changed circumstances such as exceptionally good behavior by the defendant may warrant termination of supervised release," such a showing is not required in order to warrant termination of supervised release. *Id*. (quotation omitted); *see also United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) ("The text of § 3583(e) does not support a legal standard that categorically requires a petitioner to demonstrate undue hardship."). "[C]ourts have required the defendant, as the party receiving the benefit of early termination, to demonstrate that such a course of action is justified." *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006) (citations omitted).

The nature and circumstances of the offense are serious. With respect to Case No. 02-cr-50, Defendant was the leader of an organization based in Escondido, California, that purchased bulk quantities of pseudoephedrine and delivered large amounts to methamphetamine laboratory operators in Mexico. Defendant was on supervised release in another federal criminal case in this district—Case No. 98-cr-1489—at the time of his arrest in Case No. 02-cr-50. With respect to Case No. 18-cr-2144, while Defendant was in BOP custody pursuant to Case Nos. 98-cr-1489 and 02-cr-50, Defendant was on a furlough transfer granted by the BOP from Federal Correctional Institution Big Springs, Texas to Taft Camp Facility in California, and, in January 2009, he failed to report as instructed. Instead, Defendant, his wife, and their seven children fled to Mexico and then to Palestine, where they lived. In 2018, Defendant traveled "to Sydney, Australia for business, and reportedly chose to self-surrender in Los Angeles, at the conclusion of his business trip." (Case No. 18-cr-2144, ECF No. 16 ¶ 40.) Defendant's commission of the offense in Case No. 02-cr-50 while on federal supervised release, and his more recent 9-year period as a fugitive counsel against early termination of

supervised release in this case.

Defendant contends that "[t]he Guide to the Judiciary provides a presumption of early termination for Mr. Daghlawi that the government does not rebut." (Case No. 02-cr-50, ECF No. 842 at 3; Case No. 18-cr-2144, ECF No. 36 at 3.) Defendant relies on the Guide to Judiciary Policy, Vol. 8, Ch. 3, Section 360.20(e),[3] which states, in relevant part: "At 18 months, there is a presumption in favor of recommending early termination for persons who … presents no identified risk of harm to the public or victims; … is free from any court-reported violations over a 12 month period; … is in substantial compliance with all conditions of supervision; and … engages in appropriate prosocial activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision." This guide "applies to employees of the U.S. probation and pretrial services system in U.S. district courts in the performance of their duties." Guide to Judiciary Policy § 120. Defendant offers no authority indicating that this guide applies to judges or otherwise creates a presumption guiding a judge's discretion in applying 18 U.S.C. § 3583(e). In any event, Plaintiff adequately explained why Probation recommended denying the pending motion for early termination:

> Probation has stated that it opposes early termination. In taking this position Probation has, among other things, taken into consideration: the Defendant's significant criminal history as evidenced by three federal convictions; his conviction in Case No. 02-CR-0050-WQH and his leadership role in that crime while he was on active federal supervision; his escape from custody and nine years as a fugitive which included flight from the United States; his subsequent conviction for Escape of a Federal Prisoner; and, his recently exhibited difficulties with the travel policies of the Central District of California concerning travel outside the District.

---

[3] Available at https://www.uscourts.gov/administration-policies/judiciary-policies/post-conviction-supervision-policies.

(Case No. 02-cr-50, ECF No. 841 at 3; Case No. 18-cr-2144, ECF No. 35 at 3.) To the extent the Guide to Judiciary Policy affects the Court's discretion under 18 U.S.C. § 3583(e), the Court finds that these reasons stated by the Government are sufficient to rebut the presumption created by Section 360.20(e).

The Court is sympathetic to Defendant's religious duty to travel to Mecca, his desire to visit his out-of-state adult children, and his desire to sell overseas real estate. However, there is no showing that Probation has unreasonably denied or restricted any request to travel made by Defendant. The Court recognizes and commends the positive steps Defendant has made in complying with the conditions of his latest term of supervised release. However, after considering the relevant factors, the Court does not find a basis to prematurely end Defendant's term of supervised release. The Court is not persuaded that early termination is warranted by the conduct of Defendant or would serve the interest of justice.

## III. Conclusion

IT IS HEREBY ORDERED that the Motion to Terminate Supervised Release filed in each of the above-captioned cases is denied. (Case No. 02-cr-50, ECF No. 835; Case No. 18-cr-2144, ECF No. 32.)

Dated: July 27, 2026

William Q. Hayes
Hon. William Q. Hayes
United States District Court